UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT
HARTFORD DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| 1270 EAST STREET, LLC ) | Case No. 11-22657 (ASD) |
| Debtor ) | |
| ) | |
| ) | |

## MOTION FOR AUTHORIZATION TO USE CASH COLLATERAL

The Debtor, 1270 East Street, LLC, as debtor and debtor-in possession (the "Debtor"), by its attorneys, Pullman & Comley, LLC ("P&C"), hereby submits this motion for authority to use cash collateral and in support of same, respectfully represents:

### BACKGROUND

1. On September 12, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the Bankruptcy Code and continues to operate its business as a debtor-in-possession pursuant to §§1107 and 1108 of the Bankruptcy Code.

2. The Debtor is a single asset real estate entity with its primary asset located at 1270 – 1272, 1274 and 1282-1290 East Street, New Britain, Connecticut (the "Property"). The Property consists of two apartment buildings with twenty (20) units in

each building and a third building which is a two (2) family home that contains a three (3) and a four (4) bedroom apartment. The income generated by the Property has not been able to support the approximate 2.4 million dollar mortgage, and as a result, the Debtor is in arrears on the mortgage payments. In addition, the City of New Britain instituted foreclosure actions for the nonpayment of real estate taxes due in connection with the Property.

3. This Chapter 11 case was filed to afford the Debtor the necessary time and ability to reorganize its finances thereby allowing the Debtor to emerge from Chapter 11 as a viable business operation.

4. A committee of unsecured creditors has not yet been appointed in this Chapter 11 case.

5. Upon information and belief, there is a secured creditor, Vincent J. Brescia (the "Secured Creditor"), that has a security interest in the rents, which rents constitute cash collateral in accordance with section 363(a), by virtue of a mortgage deed and a collateral assignment of rents provided for in the loan documents described in more detail below. The Secured Creditor's address is 95 Beckley Street, Newington, Connecticut.

6. Without the use of the rents, the Debtor will not be able to continue to operate the Property and the tenants will suffer harm. The Debtor, therefore, proposes to use the Property's rents to fund the ordinary and necessary operating expenses for the Property as more particularly set forth in the budget annexed to the proposed order as Exhibit "A.

7. The Debtor is willing to give a replacement lien on its receivables generated by the business after the filing of the petition pursuant to 11 U.S.C. §361(2) to the extent of any diminution in the value of the Secured Creditor's interest to the extent such interest is determined to be a valid and perfected interest in Debtor's cash collateral and to the extent such cash collateral is in fact used.

8. The Debtor's use of cash collateral in the ordinary course of business will allow the Debtor to preserve and protect the Property, and thus, the Debtor will be protecting the Secured Creditor's collateral, including cash collateral, so that it does not decline in value during the case. As stated in In re Pine Lake Village Apartment Co., 16 B.R. 750, 756 (Bankr. S.D.N.Y. 1982):

> ...the application of rent income solely to maintain and repair the property so as to prevent further deterioration will enhance the value of the property which serves as the collateral for the...plaintiff-mortgagee's claim. [The use of such funds] without any diversion...to the debtor, clearly ensures that the plaintiff-mortgagee's investment is adequately protected.

3

Accord, In re 499 W. Warren Street Associates, Ltd. Partnership, 142 B.R. 53 (Bankr. N.D.N.Y. 1982); In re Constable Plaza Associates, L.P., 125 B.R. 98, 105 (Bankr. S.D.N.Y. 1991); In re Cardinal Industries, Inc., 118 B.R. 971 (Bankr. S.D. Ohio 1990).

9.    This Motion is directed to the prohibition against use of Cash Collateral contained in §363(c)(2) of the Bankruptcy Code and requests a preliminary hearing to use cash to cover operations for an approximate four-week period from September 12, 2011 through October 9, 2011 (the "Preliminary Period"), and thereafter a final hearing to cover the three (3) month period from October 10, 2011 to January 7, 2012 (the "Final Period").

## THE SECURED INDEBTEDNESS

10.   The Debtor is indebted to the Secured Creditor pursuant to *inter alia,* a Commercial Term Promissory Note dated August 30, 2006 in the original principal amount of $2,600,000 (the "Note").  As security for repayment of the Note, the Debtor delivered an Open-End Mortgage Deed (the "Mortgage") dated August 30, 2006 encumbering the Property and a Collateral Assignment of Leases and Rentals (the "Assignment") dated August 30, 2006. On July 18, 2008, the Debtor and the Secured Creditor entered into a Modification Agreement to modify the loan obligations in some respects (the "Modification"). The Note, the Mortgage, the Assignment and the

Modification shall be collectively referred to as the "Loan Obligations." As of the Petition Date, the Debtor was indebted to the Secured Creditor pursuant to the Loan Obligations in the amount of approximately $2,400,000.00.

## CASH COLLATERAL REQUEST

### A. REQUEST FOR AUTHORITY TO USE CASH COLLATERAL PENDING FINAL HEARING

11. Pursuant to Rule 4001(b)(2) of the Federal Rules of Bankruptcy Procedure, the Debtor respectfully requests that a preliminary hearing be conducted on or before September 15, 2011, or as soon thereafter as counsel may be heard, to consider authorizing the use of Cash Collateral pending a final hearing (hereafter the "Preliminary Hearing"). The Debtor respectfully submits that the Preliminary Hearing is necessary as it must continue to meet expenses which are essential to sustaining its operations.

12. The amount of Cash Collateral sought to be used for the Preliminary Period is $13,639.25. Without authorization to use this amount of Cash Collateral pending a final hearing, the Debtor will suffer immediate and irreparable harm as it would be unable to pay for operating expenses at a level that is essential to sustaining its operations, thereby forcing the Debtor to effectively close down. A composite budget reflecting necessary disbursements for the Preliminary Period is attached to this Motion

as Exhibit "A" (the "Budget"). The Debtor further requests authority to use cash collateral for up to a ten (10%) percent variance from any line item on the Budget.

13. Pursuant to Rule 400l(b)(3) of the Federal Rules of Bankruptcy Procedure, the Debtor proposes to give notice of the Preliminary Hearing and of the relief requested herein by serving a copy of this Motion, the annexed proposed order and an accompanying notice of hearing or order scheduling a hearing by either electronic or facsimile transmission or Overnight Mail to the Secured Creditor, all other secured creditors, the United States Trustee and the twenty largest unsecured creditors of the Debtor, and all parties that filed notices of appearance. The Debtor respectfully submits that such notice will afford reasonable notice and opportunity for a hearing, and is in accordance with §§363, 102 and 105 of the Bankruptcy Code.

### B. REQUEST FOR AUTHORITY TO USE CASH COLLATERAL AFTER FINAL HEARING

14. The Debtor proposes to use Cash Collateral for the period from October 10, 2011 through January 7, 2012 (the "Final Period"), and estimates that it will generate income and incur and pay expenses as set forth on the Final Period Budget annexed hereto as Exhibit "B" in the Final Period. The Debtor has an absolute need to use Cash Collateral in order to pay the expenses set forth on the Budget and thereby

6

preserve and enhance its going-concern value. The amount of Cash Collateral sought to be used for the Final Period is $42,288.75.[1]

15. Pending the Final Hearing, the Debtor proposes to provide the Secured Creditor with replacement liens, as more fully described below, as adequate protection to the Secured Creditor for the use of the Secured Creditor's interest in Cash Collateral:

(a) In accordance with §§361(2), 363(c) and 363(e) of the Bankruptcy Code, the Secured Creditor shall be provided adequate protection in the form of a replacement lien and security interest, with the same force and effect and in the same priority as existed pre-petition, in the same type and form of collateral it held as of the Petition Date, but only to the extent that the automatic stay and/or use of Cash Collateral in which it asserts an interest results in a decrease in the value of its interest in cash or other collateral, and only up to the amount of Cash Collateral used by the Debtor.

16. It should be noted that the value of the assets generated by operation of the business will exceed sums that could be obtained by other means, such as liquidation. Hence, the Debtor believes that granting it authorization to continue in the

---

[1] A proposed final order authorizing the use of cash collateral with the Final Period Budget annexed thereto, along with a Notice of Final Hearing, will be served on all interested parties at least 15 days prior to the Final Hearing.

operation of the business along the terms set forth herein is in the best interests of creditors and the Debtor's estate.

**WHEREFORE**, the Debtor respectfully requests the entry of an order authorizing it to use Cash Collateral pending a final hearing on this Motion.

Dated: September 12, 2011 at Bridgeport, Connecticut.

                                  Pullman & Comley, LLC
                                  Proposed Attorneys for Debtor

By:   /s/ Elizabeth J. Austin
       Elizabeth J. Austin (ct04384)
       Jessica Grossarth (ct23975)
       Pullman & Comley, LLC
       850 Main Street, P.O. Box 7006
       Bridgeport, CT  06601-7006
       203 330 2000 Fax: 203 576 8888
       jgrossarth@pullcom.com
       eaustin@pullcom.com

ACTIVE/74729.1/JXG/2571744v1